Winston Salem RI LLC v Ladder Capital Fin. LLC (2023 NY Slip Op 03319)

Winston Salem RI LLC v Ladder Capital Fin. LLC

2023 NY Slip Op 03319

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 654902/21 Appeal No. 503 Case No. 2022-05074 

[*1]Winston Salem RI LLC, Derivatively on Behalf of South Bend Hotel Owner LLC and Winston Salem Hotel Owner, LLC, Plaintiff-Appellant,
v
Ladder Capital Finance LLC, Defendant-Respondent, South Bend Hotel Owner, LLC, et al., Nominal Defendants.

Blank Rome LLP, New York (Arash Beral of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Polsinelli PC, New York (Morgan C. Fiander of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about October 4, 2022, which, insofar as appealed from as limited by the briefs, granted defendant Ladder Capital Finance LLC's motion to dismiss the breach of contract claims, unanimously modified, on the law, to deny the motion to dismiss the breach of contract claims to the extent they relate to the payment of forbearance fees and improper foreclosures, and otherwise affirmed, without costs.
In another action involving some of the same parties and identical contractual language, this Court found that section 11.12 of the loan agreements does not bar claims that are not rooted in an allegation that Ladder acted unreasonably or unreasonably delayed acting in any situation where, by law or under the loan documents, it was obligated to act reasonably or promptly (see Ladder Capital Fin. LLC v 1250 N. SD Mezz LLC, 211 AD3d 608, 609 [1st Dept 2022]). The breach of contract claims here are based in part on allegations that Ladder improperly demanded and received forbearance fees and improperly foreclosed on the subject properties. Section 11.12 of the loan agreements does not bar these claims, as they do not challenge the reasonableness of Ladder's actions.
The complaint adequately pleaded demand futility under Delaware law in that it alleged with particularity the reasons for demand excusal (see Del Court of Chancery Rule 23.1), i.e., there is reason to doubt that the manager of the borrowers could have properly exercised an independent and disinterested business judgment in responding to a demand because this action may provide a basis for subjecting the manager and its principals to liability for breach of fiduciary duty, and they allegedly benefitted from the transaction that is challenged in this action (see United Food & Commercial Workers Union v Zuckerberg, 262 A3d 1034, 1058 [Del 2021]).
Contrary to Ladder's claim, there is no heightened pleading requirement for breach of contract claims and plaintiff need not cite the specific provisions of the contract it alleged was violated to avoid dismissal (see Miami Firefighters' Relief & Pension Fund v Icahn, 199 AD3d 524, 526 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023